DROULARD *v.* CZERWINSKI.

1. MECHANICS' LIENS—EVIDENCE—ESCROW AGREEMENT.
    Admission into evidence of escrow agreement between fee owners, land contract purchasers, and escrow agent was improper in suit to foreclose mechanics' lien on the premises, where the escrow agent was not a party to the proceeding and no relief was sought by plaintiff by virtue of the agreement, since it was not material to the facts of the case (CL 1948, § 570.5, as amended by PA 1958, No 213).

2. SAME—CLAIM OF LIEN—RECORDING STATEMENT OF ACCOUNT—TIME.
    Claim of lien under the mechanics' lien statute was fatally defective, where the verified statement or account was not recorded with the register of deeds until more than 60 days had expired (CL 1948, § 570.5, as amended by PA 1958, No 213).

Appeal from St. Clair; Streeter (Halford I.), J. Submitted June 6, 1962. (Docket No. 12, Calendar No. 49,487.) Decided September 10, 1962.

Bill by Donald A. Droulard against Robert Czerwinski, Arthur W. Cooper, New Haven Savings Bank, a Michigan corporation, Karl Kromer, and Biegmamina Kromer to foreclose labor lien. Decree for plaintiff. Defendant Karl Kromer, individually and as executor of the estate of Biegmamina Kromer, deceased, appeal. Reversed and bill dismissed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  36 Am Jur, Mechanics' Liens § 273.
[2]  36 Am Jur, Mechanics' Liens § 131.

*Johnston & Wendt* (*Ivan A. Johnston*, of counsel), for defendants Kromer.

ADAMS, J. Plaintiff filed a bill to foreclose a labor lien. Defendants Karl Kromer and Biegmamina Kromer, each the owner of an individual 1/2 interest in the property, filed an answer in which they affirmatively pleaded failure to comply with the provisions of the lien statute.

At the opening of the trial, the attorney for the Kromers moved to dismiss the bill of complaint. The court took the motion under advisement.*

Upon the hearing, it appeared that plaintiff was a subcontractor for labor in connection with repairs to a building that had been damaged by fire. Plaintiff began furnishing labor to the contractor, Robert Czerwinski, on June 3, 1959, and finished on November 20, 1959. The notice of intention to claim a lien was served on Arthur W. Cooper, the contract purchaser, on December 3, 1959, but on no other person. The statement of account and lien, dated February 3, 1960, was filed February 4, 1960 with the register of deeds. The statement of account and lien was served on Arthur W. Cooper only, and not upon the fee owners, Karl Kromer and Biegmamina Kromer.

Upon the trial there was admitted into evidence, over the objection of defendants, an escrow agreement, dated May 26, 1959, between Arthur W. Cooper, party of the first part, Karl Kromer and Biegmamina Kromer, parties of the second part, and Clinton H. Sherman, escrow agent, party of the third part, for the disposition by the escrow agent of the proceeds from insurance paid as a result of a fire loss to the premises. After provision for the payment of taxes and of principal and interest due on the land contract, the agreement provides that

---

* See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.1461 *et seq.*).—REPORTER.

the escrow agent shall pay the cost of rebuilding and restoring the premises insofar as the funds will extend and until their exhaustion. The escrow agent is not a party to this proceeding, nor did plaintiff seek any relief by virtue of this agreement. Under the circumstances, it was not material to the facts in this case and should not have been received in evidence.

The provisions of the mechanics' lien statute (CL 1948, § 570.5, as amended by PA 1958, No 213 [Stat Ann 1959 Cum Supp § 26.285]) are clear. A laborer who wishes to avail himself of the statute is required to make and record with the register of deeds a statement or account of his claim. "Such verified statement or account shall be recorded within 60 days from the date on which the last of  *  *  *  the labor *  *  *  shall have been performed by the person claiming the lien." Plaintiff's statement for account of lien was not made until February 3, 1960, 75 days after the last of the work was performed. Plaintiff's attempt to claim a lien was fatally defective.

Other questions raised do not require discussion.

Motion to dismiss the bill of complaint should have been granted. The trial court erred in granting a decree of foreclosure. The decree is vacated. Plaintiff's bill of complaint is dismissed with prejudice. Costs to appellant Karl Kromer and to the estate of Biegmamina Kromer, deceased.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.